UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| LARRY R. BAILEY, ) | |
| ) | |
| Plaintiff, ) | Civil No. 6: 17-90-DCR |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Larry Bailey sued the United States and several of its agents based on his dissatisfaction with the amenities at the Marsh Branch Boat Ramp ("Marsh Branch"), which is operated by the United States Forest Service. Bailey asserts purchased an annual pass to access Marsh Branch but found that the site had neither a working light nor a picnic table. He requests injunctive relief directing the Forest Service to correct the noted deficiencies. He has also requested summary judgment in his favor. [Record No. 1] The defendants in response filed a motion to dismiss or, in the alternative, for summary judgment. [Record No. 10] For the reasons that follow, the defendants' motion will be granted.

**I.**

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal of a complaint which fails to state a claim upon which relief can be granted. Under this rule, "[t]he defendant has the burden of showing that the plaintiff has failed to

state a claim for relief." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Federal Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, to survive a motion to dismiss, the complaint must contain allegations establishing each material element required for recovery under some actionable legal theory. *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (internal citation and quotation marks omitted).

When reviewing a Rule 12 motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all reasonable inferences in favor of the plaintiff." *DirecTV, Inc.*, 487 F.3d at 476 (citation omitted). While pleadings drafted by *pro se* litigants are held to less stringent standards than those written by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court, "need not accept as true legal conclusions or unwarranted factual inferences." *DirecTV, Inc.*, 487 F.3d at 467. (citation omitted). Moreover, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, the plaintiff must at least "provide the grounds of his entitlement to relief, [which] requires more than labels and conclusions. . . ." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted).

It is also noteworthy that the Court generally may not consider matters presented outside the pleadings without converting the motion into one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012). However, certain matters beyond the allegations in the complaint,

such as "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (citations and internal quotation marks omitted). In the present case, the Court is not required to consider items outside the Complaint and its attachments. Therefore, the motion need not be converted to one seeking summary judgment.

**II.**

The parties agree that the Federal Lands Recreation Enhancement Act ("FLREA"), 16 U.S.C. § 6801 *et seq.*, governs the Secretary of Agriculture's ability to charge fees and provide amenities at Marsh Branch. The Secretary may charge a "standard amenity recreation fee" for recreational lands which contain all of the following amenities: designated parking; a permanent toilet facility; a permanent trash receptacle; an interpretive sign, exhibit, or kiosk; picnic tables; and security services. § 6802(f)(4)(D). The plaintiff contends that the Secretary charges a standard amenity recreation fee for access to Marsh Branch and, therefore, must provide all of the amenities listed, including a "security light." [*See* Record No. 1, ¶ 15.]

FLREA also provides that an "expanded amenity recreation fee" may be charged when the Secretary determines that the visitor uses a specific or specialized facility, equipment or service. § 6802(g). The Act contemplates an expanded amenity fee for the use of "highly developed boat launches" which include specialized features such as mechanical or hydraulic boat lifts, multi-laned paved ramps and parking, restrooms, and other improvements such as boarding floats, loading ramps, and fish-cleaning stations. §

6802(g)(2)(B). This fee may be charged "in addition to a standard amenity fee or by itself." § 6802(g)(2). Notably, the provision regarding highly-developed boat launches does not require the Secretary to provide safety features, a picnic table, or any other amenities. *See* § 6802(g)(2)(B).

The defendants maintain that Marsh Branch is classified as a highly-developed boat launch. The plaintiff concedes that Marsh Branch features multi-lane paved ramps, paved parking, boarding floats and, of course, the boat ramp itself.[1] [Record No. 12, p. 3] A plain reading of the statute language demonstrates that when the expanded amenity recreation fee is charged, on its own, the Secretary is not obligated to provide the standard recreation amenities listed under § 6802(f). While some expanded amenity sites have safety features and picnic tables, highly-developed boat launches do not fall within that category.[2]

The plaintiff raises arguments in his response that fall outside of the claims raised in his Complaint. Essentially, he contends that citizens park at Marsh Branch for purposes other than utilizing the boat ramp and the defendants charge them a fee. The plaintiff argues that this amounts to a standard amenity fee. [Record No. 12, p. 3] However, the defendants are permitted to charge for a fee for access to the boat ramp. If individuals who

---

[1] Accordingly, it is not necessary to consider the affidavit of Dan Olsen, the Acting Forest Supervisor at the Daniel Boone National Forest. [Record No. 10-2] Olsen declared that Marsh Branch, which is within the Daniel Boone National Forest, is classified as a highly-developed boat launch.

[2] For example, developed campgrounds must have a majority of amenities listed in the statute, which include picnic tables and "reasonable visitor protection." § 6802(g)(2)(A).

park there choose to engage in other activities as the plaintiff suggests, this does not relieve them of paying the required fee. Further, the plaintiff does not allege that he ever parked at Marsh Branch for any purpose other than using the boat ramp.

The plaintiff also raises an implied-contract theory for the first time in his response. [Record No. 12, p. 6] However, the Contract Disputes Act of 1978 governs contracts claims against the United States. *See* 41 U.S.C. §§ 7101-7109. Although it does not appear that the plaintiff has provided a colorable basis for this claim, the Court of Federal Claims has exclusive jurisdiction for judicial review over claims under the Act. §7107. To the extent the plaintiff's claims are contractual in nature, the Court does not have jurisdiction to consider them. *See RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1136 (6th Cir. 1996).

Finally, the defendants report that, despite the lack of a legal obligation to do so, the light in question has been replaced. [Record No. 10-1, p. 6] The plaintiff contends that this development does not render the issue moot because there is a "reasonable expectation" and a "demonstrated possibility" that the same controversy will recur. *See, e.g., Murphy v. Hunt,* 455 U.S. at 478, 482 (1982). Taking the allegations of the plaintiff's Complaint as true, and assuming *arguendo* that the same controversy is likely to recur, the plaintiff is not entitled to relief for the reasons explained above.

Based on the foregoing, it is hereby

**ORDERED** that the defendant's Motion to Dismiss [Record No. 10] is **GRANTED**.

This 24th day of July, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge