UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at LONDON)

| | |
|---|---|
| LARRY R. BAILEY, | ) |
| Plaintiff, | ) Civil Action No. 6: 17-090-DCR |
| v. | ) |
| UNITED STATES OF AMERICA, et al., | ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Plaintiff Larry Bailey has filed a Notice of Appeal [Record No. 50], seeking to challenge the magistrate judge's order concerning the scope of discovery. [Record No. 36]. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Taylor v. KeyCorp*, 680 F.3d 609, 616 (6th Cir. 2012) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, federal courts of appeals may only review "final decisions" of the district courts. 28 U.S.C. § 1291; *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985). This rule prevents piecemeal appeals, which would undermine efficient judicial administration. *In re Jackson Masonry, LLC*, 906 F.3d 494, 498 (6th Cir. 2018) (citing *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009)).

The order Bailey seeks to challenge is not a final decision because it does not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *See Network Comms. v. Mich. Bell. Tel. Co.*, 906 F.2d 237, 238 (6th Cir. 1990) (quoting *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989)). The decision also does not fall within the

small class of collateral rulings that are deemed final because they are effectively unreviewable on appeal from the final judgment in the underlying action. *See Mohawk Indus., Inc.*, 558 U.S. at 106 (citing *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949)). In other words, Bailey has not shown any reason that he should not wait until the conclusion of this matter to seek review in the court of appeals. Accordingly, an appeal at this time is frivolous and does not divest this Court of jurisdiction. *See Duru v. Mitchell*, 289 F. Supp. 3d 112, 115 (D.D.C. 2018).

Bailey was required to file any motion for leave to engage in discovery on or before December 15, 2018. [Record No. 36] On December 13, 2018, he filed his notice of appeal and a motion for the discovery deadline to be "put on hold . . . or extended" pending "further action upon appeal." [Record No. 51] As previously explained, the notice of appeal is improper at this time, so the matter will not be stayed pending appeal. However, Bailey requested an extension prior to the deadline for filing a motion for leave to engage in discovery. *See* Fed. R. Civ. P. 6(b). Although he did not provide good reasons for the request, a brief extension will be granted under the circumstances.

Finally, Bailey has filed a motion to strike the defendant's Answer. [Record No. 44] He contends that the Answer, filed following the Sixth Circuit's decision reversing this Court's order granting the defendant's motion to dismiss, is 307 days late. However, the Sixth Circuit's decision places the parties in the position they would have been had the motion to dismiss been denied in the first instance. Federal Rule of Civil Procedure 12(a)(4) provides that, unless the court sets a different time, a responsive pleading must be served within 14 days of notice of the denial of a motion to dismiss. In this case, the magistrate judge extended the filing deadline to November 15, 2018, and the Answer was filed by that date.

Bailey also claims generally that the defenses asserted in the Answer are "immaterial and redundant" because the Sixth Circuit has already rejected them. [Record No. 44, p. 2] Bailey has neither identified the defenses he believes have already been rejected nor has he made any effort at developed argumentation. Accordingly, the Court declines to strike any portion of the Answer.

To the extent Bailey argues that the defendant has improperly named defendants who were not named in the Complaint, Rule 25(d) of the Federal Rules of Civil Procedure provides that "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns of otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the party's substantial rights must be disregarded." There is no suggestion that the defendant's Answer names any defendants other than current public officers sued in their official capacities.

Based on the foregoing, it is hereby

**ORDERED** as follows:

1. Plaintiff's motion to strike the Answer [Record No. 44] is **DENIED**.

2. Plaintiff's motion to extend time to file a motion for leave to engage in discovery [Record No. 51] is **GRANTED**, in part. Plaintiff Bailey shall file any motion for leave to engage in discovery **on or before Wednesday, December 26, 2018**. The Court does not anticipate granting further extensions for this reason.

Dated: December 17, 2018.



Signed By:
*Danny C. Reeves*
United States District Judge